JOHN A. LAWLER, TRUSTEE, APPELLANT, V. AMERICAN SURETY COMPANY ET AL., APPELLEES.

FILED NOVEMBER 3, 1917. No. 19631.

Costs: ATTORNEY'S FEES. In a suit on a surety company bond, the petition did not ask for attorney fees. Judgment was entered in favor of the plaintiff for the full amount prayed, with interest and costs. A motion was then filed praying for the allowance of an attorney fee. This was denied, and the judgment debtor paid into court the full amount of the judgment and costs. The judgment creditor accepted the same and entered a release of the judgment and costs on the records of the court. *Held*, that he cannot, at a subsequent term of the court, have a retaxation of the costs so as to award him an attorney fee.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*M. A. Hartigan* and *J. W. James*, for appellant.

*Montgomery, Hall & Young* and *Tibbets, Morey, Fuller & Tibbets*, contra.

Morrissey, C. J.

Plaintiff, as trustee in bankruptcy, brought suit in the district court for Adams county against defendant, as surety on a supersedeas bond. Trial was had, and judgment entered in the amount prayed, with costs, October 6, 1915. Two days later plaintiff filed an application praying for the allowance of $200 attorney fees. This was, on the same day, overruled, to which ruling the plaintiff excepted. The term of court at which this judgment was entered adjourned *sine die,* October 30, 1915. Subsequently defendant paid into court the full amount of the judgment and costs, and November 23, 1915, plaintiff received the same from the clerk and entered a full release on the court docket.

December 8, 1915, after the adjournment *sine die* of the term at which the judgment was entered, and after the receipt of the money and the release of the judgment, plaintiff filed another motion to retax costs. This motion was overruled, and plaintiff has appealed.

The original petition did not contain a prayer for attorney fees. Plaintiff says in his brief that the costs are no part of the judgment, and that the court may retax them any time the matter is called to its attention; that when the amount of the judgment is paid into court the judgment creditor may accept the same and appeal from the taxation of costs. It is only necessary to say that plaintiff accepted, not only the main judgment, but the amount taxed as costs as well, and he is now estopped to press his claim for attorney fees, if any he ever had.

The judgment is

AFFIRMED.

Sedgwick, J., not sitting.